```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20328-Civ-SEITZ
                                      (04-20327-Cr-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
```

JERRY SMITH,                    :

    Movant,                :

v.                              :          REPORT OF
                                                                  MAGISTRATE JUDGE

UNITED STATES OF AMERICA        :

    Respondent.            :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for felon in possession of a firearm and ammunition entered following a jury verdict in case no. 04-20327-Cr-Seitz. The Court has reviewed the motion with supporting memorandum, the government's response with attached exhibit, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

The movant raises the sole claim that he was denied effective assistance of counsel, where his lawyer failed to object to the use of a state drug conviction to support his enhanced sentence as an armed career criminal.(Cv-DE#1:5; Cv-DE#2:7). The thrust of the movant's argument appears to be that a conviction under Florida law for the sale and/or purchase of cocaine, in violation of Fla.Stat. §893.13, is not a serious drug offense, and therefore could not have been used as a predicate offense to support his enhanced sentence as an armed career criminal. (Cv-DE#2:7-11).

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was first charged by Indictment with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g) and 18 U.S.C. §924(e). (Cr-DE#1). Thereafter, the movant filed a motion to suppress physical evidence on the basis that the firearm had been seized pursuant to a warrantless search to which the movant had not consented. (Cr-DE#13). Following an evidentiary hearing, a Report was entered recommending that the motion to suppress be denied. (Cr-DE#27). On January 11, 2005, the district court entered an Order adopting the Report, and denying the motion to suppress. (Cr-DE#41). The movant then proceeded to trial where he was found guilty as charged following a jury verdict. (Cr-DE#56).

Prior to sentencing, a PSI was prepared which determined that the movant was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. §4B1.4(b)(3)(B). (PSI ¶16). Thus, the base offense level was set at a level 33. (PSI ¶16). The probation officer also determined that the movant had a total of 19 criminal history points, resulting in a criminal history category VI. (PSI ¶39).

On April 12 and 25, 2005, the movant appeared for sentencing. (Cr-DE#62,70). At that time, the movant was sentenced as an armed career criminal to a term of 235 months in prison, followed by four years supervised release. (Cr-DE#71).

The movant appealed, raising multiple claims[1], including, in pertinent part, that the court erroneously sentenced him as an armed career criminal on the basis that the government failed to establish that his cocaine conviction in the state forum was punishable by a term of at least ten years, and alternatively that the court should have submitted his prior convictions to a jury for determination of whether the movant qualified for an enhanced sentence as an armed career criminal. On September 15, 2006, the Eleventh Circuit affirmed the movant's conviction and sentence in a written, but unpublished opinion. United States v. Smith, 199 Fed.Appx. 759 (11th Cir. 2006); (Cr-DE#95). Certiorari review was denied on March 19, 2007. Smith v. United States, ___ U.S. ___, 197 S.Ct. 1851 (2007). The judgment of conviction in the underlying criminal case became final at the latest on March 19, 2007, when certiorari review was denied by the Supreme Court.[2] This motion to vacate was timely filed less than one year later on January 28, 2008.[3]  (Cv-DE#1).

## Discussion of the Claim

The movant raises the sole claim that he was denied effective

---

[1] The claims are gleaned from the written but unpublished appellate opinion, United States v. Smith, 199 Fed.Appx. 759 (11th Cir. 2006) (Cr-DE#71), and from the movant's brief on appeal which can be found on Westlaw, a legal research database, at United States v. Smith, 2006 WL 2644492 (11th Cir. 2006).

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[3] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

assistance of counsel,[4] where his lawyer failed to research and/or otherwise object to the use of a state cocaine conviction to support his enhanced sentence as an armed career criminal.(Cv-DE#1:5; Cv-DE#2:7). The thrust of the movant's argument appears to be that a conviction under Florida law for the sale and/or purchase of cocaine, in violation of Fla.Stat. §893.13, is not a serious drug offense, and therefore could not have been used as a predicate offense to support his enhanced sentence as an armed career criminal. (Cv-DE#2:7-11).

It should first be noted that the validity of his enhanced sentence as an armed career criminal was raised and rejected on direct appeal. United States v. Smith, supra. Under these circumstances, the movant in this collateral proceeding has not demonstrated a change in circumstance, sufficient to warrant relitigation of the claim. Thus, the presentation of the claim in this §2255 proceeding in the guise of an ineffective assistance of counsel claims adds nothing of substance which would justify a different result. See Hobson v. United States, 825 F.2d 364, 366

---

[4]In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

4

(11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994); Graziano v. United States, 83 F.3d 587 (2d Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.). Notwithstanding, as the claim is devoid of merit, it will also be addressed briefly infra.

A defendant qualifies as an armed career criminal if the offense of conviction is a violation of 18 U.S.C. §924(e). See U.S.S.G. §4B1.4, App.n.1 (2002). Under 18 U.S.C. §924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. §922(g) and the defendant "has at least three prior convictions[5] for a 'violent felony' or 'serious drug offense,' or both, committed on occasions different from one another." U.S.S.G. §4B1.4, cmt.n.1. The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. §925(e)(2). Serious drug offense is defined as that "involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance...for which a maximum term of imprisonment of ten years or more is prescribed by law." See 18 U.S.C. §924(e)(2)(A)(ii).

---

[5] Prior conviction requirements are strictly construed, and a defendant must have been sentenced for three unrelated offenses to be considered an armed career criminal. See cf., United States v. Delvecchio, 920 F.2d 810, 812 (11th Cir. 1991).

As will be recalled, the movant was charged with and convicted of violating 18 U.S.C. §922(g) and 18 U.S.C. §924(e). In this collateral proceeding, the movant only challenges the prior state court conviction for possession and sale of cocaine, entered in Dade County Circuit Court, case no. F92-39366C on the basis that it could not be considered a predicate offense for purposes of the enhanced sentence. According to the movant, he was not convicted of selling, only purchasing cocaine, and therefore this prior conviction does not constitute a serious drug offense sufficient to support the enhancement as an armed career criminal. The movant maintains that counsel's failure to investigate the issue resulted in the movant's sentence being enhanced unlawfully.

Review of the record reveals that the government attached a copy of the Judgment entered in the state court case no. F92-39366-C to its supplemental response to this court's standing discovery order. (Cr-DE#62). A review of the state court judgment entered on April 13, 1993 in case no. F93-39366C reveals that the movant was convicted of possession of cocaine, in violation of Fla.Stat. §893.12(1)(f) (Count 1) and the sale, purchase, or delivery of cocaine, in violation of Fla.Stat. 893.13(1)(a) (Count 2). (Cr-DE#62). Under Florida law, Count 1, a third degree felony, carries a maximum of five years in imprisonment, and Count 2, a second degree felony, carries a maximum of fifteen years imprisonment. See Fla.Stat. §775.082(3)(c)-(d). According to the facts as contained in the PSI, the state court offense involved the sale of cocaine. The movant has come forward with no objective evidence to establish that he purchased cocaine, and the judgment in the state court, as well as, the facts as contained in the PSI, reveal that the offenses involved the sale or delivery of cocaine. Under the totality of the circumstances present here, it appears that the offense was properly considered a serious drug offense for purposes

of the enhanced sentence. See <u>United States v. Horne</u>, 206 Fed.Appx. 942, 944 n.3 (11th Cir. 2006)(sale or delivery of cocaine is a serious drug offense for purposes of enhanced sentence as an armed career criminal).

Because the prior conviction qualified as a predicate offense for purposes of the armed career criminal enhancement, counsel was not ineffective for failing to pursue this claim at sentencing or on direct appeal. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 20th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jerry Smith, <u>Pro Se</u>
      Reg. No. 71109-004
      F.C.I-Coleman (Med.)
      P.O. Box 1032
      Coleman, FL 33521-1032

      Benjamin Daniel, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132